UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAYLOR ANN DEMARCO,

    Plaintiff,

-against-

MED PARTY BOAT, INC., PARTY BOAT CENTRAL OF FREEPORT, INC., and RYAN T. COOKE

    Defendants.

20-cv-1056 (NSR)

TRANSFER ORDER

---

NELSON S. ROMÁN, United States District Judge:

  Plaintiff Taylor Ann DeMarco ("Plaintiff") brings this action alleging various personal injuries stemming from a slip and fall accident while Plaintiff was on board a party cruise. (ECF No. 5.) Named as Defendants are Med Party Boat, Inc., Party Boat Central of Freeport, Inc., and Ryan T. Cooke (collectively, "Defendants"). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to

transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this case. Plaintiff is a citizen of the State of Connecticut and a resident of the Town of Branford in the County of New Haven. (ECF No. 5 ¶ 1.) Thus, she does not reside in this District. Furthermore, although the underlying injury seemingly occurred "along the coastline at or near New York City (*Id.* ¶ 13), all of the Defendants in this action either reside or do business in the Town of Hempstead, located in Nassau County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(a). Finally, Defendants' party boat, on which Plaintiff sustained her injuries, "boarded, departed and returned to and from the docks in Freeport, New York" (ECF No. 5 ¶ 11), which is also located in Nassau County. Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. §

1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of the Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of the Court is further directed to close this case.

Dated: March 6, 2020
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge